UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 16 CR 111 |
| | ) | Honorable Rebecca Pallmeyer |
| CARLOS LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CARLOS LOPEZ'S**
**POSITION PAPER AND COMMENTARY ON SENTENCING FACOTRS**

NOW COMES the Defendant, **CARLOS LOPEZ**, by and through his attorney, **EDWARD J. AUSTIN**, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and 18 § 3553(a), as well as the Sixth Amendment to the Constitution of the United States and the Supreme Court's decision in U.S.C. UnitedStates v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), respectfully submits this position paper and commentary on sentencing factors.

**I. Guideline Calculation.**

The pre-sentence investigation report calculates the total offense level at 19, and a criminal history category of I, leaving the advisory guideline sentencing range of 30 to 37 months. The defendant disputes that a four level increase is warranted pursuant to § 2K2.1(b)(5) because there is insufficient evidence to support that Mr. Lopez was engaged in the "trafficking" of firearms. The defendant submits that there is insufficient evidence to support that he knew or had reason to believe the firearms sold would be used unlawfully, in that none of the firearms sold had obliterated serial numbers, Mr. Lopez is not a gang member and there were no conversations during the sales of how the guns would be used. It is therefore the position of the Defendant that his total offense level is 15 with a criminal history category of I, leaving the advisory guideline range at 18 to 24 months.

**II. Sufficient Sentence for This Defendant.**
The sentencing guidelines are no longer mandatory, the decision in United States v. Booker, 543 U.S. 220, 125 9 Ct. 738, 160 L. Ed. 2d 621 (2005) has made the guidelines advisory. Booker requires the sentencing judge to begin the sentencing process by determining the applicable guideline range, but permits the judge, so long as he or she does not stray outside

the statutory range, to sentence the defendant below or above the guideline range if the sentencing factors in the sentencing Reform Act, 18 U.S.C. § 3553(a) warrant. United States v. Roberson, 474 F. 3d 432 (7th Cir. 2007). The defendant acknowledges that the advisory guideline sentence is the presumptively reasonable sentence. United States v. Mykytivek, 415 F. 3d 606 (7th Cir. 2005). As a result of Booker and its progeny it is now well-settled that sentencing courts are to treat the sentencing guidelines as advisory, viewing them as but one factor to consider in fashioning a sentence that meets the statutory purposes set forth by Congress in 18 U.S.C. § 3553(a). Thus, this Court is no longer bound solely by the guidelines, but must consider the factors outlines in § 3553(a). Pursuant to 18 U.S.C. §3553(a) the court must impose a sentence sufficient but not greater than necessary after considering the factors listed in § 3553(a). The factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentence available; and (4) the kinds of sentence and the sentencing range established for the offense. For the reasons outlined below, the defendant asserts that proper consideration of the § 3553(a) factors requires the imposition of a sentence below the advisory guideline range in this case. In Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 168 L.Ed. 2d 203 (2007), the court confirmed that as to the sentencing court, the guideline range is simply one of several factors listed in 18 U.S.C. §3553 that must be considered in arriving at a just sentence, a sentence that is sufficient, but not greater than necessary to meet the traditional purposes of criminal sentences. The district court's job is not to impose a "reasonable" sentence, but to impose a sentence sufficient, but not greater than necessary to comply with the purposes of §3553(a)(2). United States v. Foreman, 436 F.3d 638 (6th Cir. 2006). This language, also referred to as the "parsimony provision" of §3553(a), has become the "guidepost" for sentencing decisions post- Booker. United States v. Ferguson, 456 F.3d 660 (6th Cir. 2006). A sentencing judge must make an independent determination of what sentence is sufficient, not greater than necessary, to comply with the purposes of §3553(a), taking into account the advisory guideline range, relevant §3553(a) factors, and any other non-frivolous arguments presented in support of a particular sentence. United States v. Wilms, 495 F.3d 277 (6th Cir. 2007).

### III. Nature of the Offense.

The defendant entered a plea of guilty to a single count having been named in five counts of a seven count indictment, admitting that he unlawfully engaged in the business of dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A). The defendant and his brother, Clemente Lopez met with a confidential informant on numerous occasions over an approximately eight month span and sold him a total of ten (10) firearms in four (4) separate transactions. The sales were initiated by Clemente Lopez and he introduced the confidential informant to Carlos Lopez.

### IV. Defendant's Personal History.

The defendant is a thirty year old, married father of three young children. His children are twelve, then and three years old with the older two active in school and sports. He married his high school sweetheart, Juliana Lopez in 2007. They live with Juliana's parents in Joliet, Illinois and Juliana's parents help with childcare. Mr. Lopez was born in Guadalajara, Mexico, one of six children raised by his mother and father. At the age of three, the Lopez family moved from

Mexico to Chicago to provide a better life for their children. Carlos' parents worked long hours leaving the older children to care for the younger ones. After several years in Chicago, the Lopez family relocated to Joliet, Illinois. Carlos attended Joliet Central High School and graduated in 2005. While in school Juliana became pregnant and Carlos moved in with her family. Both Carlos and Juliana stayed in school and earned their degrees. Carlos was the first person in his family to earn a high school diploma. As soon as he was old enough, Carlos has worked to help his mother and father with household expenses and later to support his own young family. While still a teen and in school, Mr. Lopez worked at restaurants, car washes, grocery stores and with his older brother Andy, helping him with various demolition and remodeling projects. After graduation from high school, Juliana went on to Joliet Junior College and later Everest College and earned her medical assistant certification while Carlos found full time employment. Having some experience in construction, he found employment with several painting and remodeling companies before starting his own companies in 2014, A & A Professional Painting and A & A Construction. Carlos grew those businesses into an eight employee dual company that specialized in residential and commercial remodeling projects as well as residential and commercial painting. His businesses are fully licensed and bonded and enjoy a great reputation for fair prices and quality work. Juliana is employed as a medical assistant at Silver Cross Hospital and both have managed to balance their work schedules and raise their children together. Carlos has had time to reflect upon his actions and the consequences that have adversely impacted his wife and children. He is a caring, loving father and husband who worked hard to start a business and support his family. He realizes the impact his incarceration has had on his children emotionally and his wife both emotionally and financially. Mr. Lopez is very active in his children's lives adjusting his work schedule to take them to school or attend their extracurricular events. Carlos is deeply remorseful of his actions. Mr. Lopez was introduced into this situation by his brother Clemente. Carlos and Clemente have always had a troubled relationship where Clemente has struggled with drugs and alcohol and a criminal past and Carlos was often called upon to help him. He was that older brother who often picked on Carlos when he was young. The firearms in question had been left to Carlos following a remodeling project where the customer/owner had no need for the guns and left them for Carlos. In helping his brother trying to make extra money, Mr. Lopez made a grave error in judgement taking the short-sided monetary view and not looking at the long-term consequences of his actions in dealing with dangerous weapons. Despite this lapse in judgement, Mr. Lopez has worked hard his whole life in an attempt to do the right thing. He worked part-time as a young boy and teenager to help his parents with expenses. When his significant other became pregnant he moved in with her and her family because he wanted to be with Juliana and share in the responsibilities of raising a child. He continued to work hard to support his wife while she went back to school and his young child. The two would eventually marry and have two more children they have raised together in a loving environment and Carlos would start a successful business enterprise.

**V. Need for the Sentence Imposed.**
According to the pre sentence report the advisory guideline range of imprisonment here is 30 to 37 months, based on a total offense level of 19 and a criminal history category of I. It is the

position of the Defendant that the Criminal History Category is I and the total offense level is 15 leaving the advisory guideline range at 18 to 24 months. The Defendant submits that a term of probation is the most appropriate sentence but not legally available.  Therefore, the Defendant respectfully requests a term of imprisonment below the guideline range that will clearly promote respect for the law, punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public from further crimes by the defendant.  Mr. Lopez has no prior felony convictions and his past criminal history is mostly related to driving offenses.  Mr. Lopez has been in custody from the date of his arrest,  February 24, 2016 to present.  He has used that time in custody to continue to work in the MCC in a maintenance role.  Additionally, because Mr. Lopez is not a legal resident, a collateral consequence of this conviction is that he will likely face removal proceedings and be deported from a country and life he has known for virtually his whole life.  He has no family left in Mexico.  His extended family had been landowners and farmers making them targets of violence by the cartels wherein two of his uncles were murdered.  His extended family all all fled Mexico and now reside in Illinois or California.

**VI. Conclusion.**

For the reasons stated above, defendant asserts that a term of 16 months is an appropriate sentence in this matter.

Respectfully Submitted,
/s/ Edward J. Austin
EDWARD J. AUSTIN
Attorney for Carlos Lopez
650 N. Dearborn St., Suite 750
Chicago, IL 60654
312-201-8850
312-201-8853 fax
edward@ejapc..com